UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO.  8:11-cr-256-T-23TGW
              8:14-cv-2176-T-23TGW

HECTOR NUNEZ
                                                    /

**O R D E R**

Nunez's motion to vacate under 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his conviction for conspiring to possess with the intent to distribute five kilograms or more of cocaine, for which offenses he is imprisoned for 120 months. Rule 4, Rules Governing Section 2255 Cases, requires a preliminary review of the motion to vacate.  Section 2255 requires denial of the motion without a response if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ."  *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[*] (finding the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b), [Rules Governing Section 2255 Proceedings], allows the district court to summarily

---

[*] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . .'"). Nunez's claims lack merit.

Nunez negotiated a plea agreement (Doc. 33 in 8:11-cr-256-T-23TGW), which specifically states that Nunez "expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution . . . ." Plea Agreement ¶ 5 at 12 (Doc. 33) (emphasis original). Nunez received a mandatory minimum sentence of 120 months imprisonment, which was neither an upward departure nor above the statutorily authorized maximum sentence of life imprisonment. Nunez's waiver of his right to challenge the sentence controls.

Nunez's motion to vacate asserts that trial counsel rendered ineffective assistance (1) by failing to move for a downward departure under §5C1.2, (2) by failing to move for a downward departure under §5K1.1, and (3) by failing to move for application of a "fast track" review under §5k3.1. Each claim challenges the determination of Nunez's sentence. A valid appeal waiver precludes an ineffective

assistance of counsel challenge to the sentence.  "[A] valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir.), *cert. denied*, 546 U.S. 902 (2005).  Nunez cannot circumvent the appeal waiver provision by disguising his challenge as a claim of ineffective assistance of counsel.  "A contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Williams*, 396 F.3d at 1342.  During the guilty plea hearing the Magistrate Judge specifically addressed the appeal waiver provision and Nunez acknowledged understanding the breadth of the rights that he was waiving under the terms of the appeal waiver provision (Transcript of Plea Hearing at 25-27, Doc. 67):

> THE COURT: I also want to emphasize paragraph five. First, I will tell you that even though you are pleading guilty, you have a right to appeal your sentence. But under the paragraph five you limit the extent to which you can appeal your sentence. Under paragraph five you can only appeal if the sentence exceeds the guideline range as determined by the Court under the Guidelines or the sentence exceeds the statutory maximum penalty or the sentence violates the Eighth Amendment to the Constitution, which prohibits excessive fines and cruel and unusual punishment. Those are the only three things about your sentence that you can appeal. Do you understand that?
>
> THE DEFENDANT: Yes, sir.

> THE COURT: And in particular, what you cannot appeal is the way the Court calculates the Sentencing Guidelines. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And furthermore, you cannot come back to this Court at some later time and complain about the calculation either. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And that includes being unable to come back and complain that your lawyer was somehow ineffective with respect to the Guidelines. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you have any question about that provision?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: And are you agreeing to it freely and voluntarily as part of this plea agreement?
>
> THE DEFENDANT: Yes, sir.

The colloquy ensured that Nunez understood the significance of the appeal waiver. The circuit court enforced the appeal waiver on direct appeal when it dismissed Nunez's appeal stating, "The Government's motion to dismiss this appeal pursuant to the appeal waiver in Appellant's plea agreement is GRANTED. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993) (sentence appeal waiver will be enforced if it was made knowingly and voluntarily)." (Doc. 72) Similarly, as *Williams,* 396 F.3d at 1342, explains, the waiver precludes this collateral challenge:

> [A]t the plea colloquy, the court specifically questioned Williams concerning the specifics of the sentence-appeal waiver

> and determined that he had entered into the written plea agreement, which included the appeal waiver, knowingly and voluntarily. The plain language of the agreement informed Williams that he was waiving a collateral attack on his sentence. Under these circumstances, the sentence-appeal waiver precludes a § 2255 claims [sic] based on ineffective assistance at sentencing."

Even if not precluded by the appeal waiver, each asserted ground is refuted by the record. In his plea agreement, Nunez admitted to the following facts (Doc. 33 at 15-16):

> In December 2010, law enforcement received information from a reliable confidential source (CS ) that co-defendant Noe Perez was moving large quantities of cocaine in the central Florida area. Perez told CS that his local source of supply was defendant Hector Nunez. He also told the CS that he had been working with Nunez for three months. He said he had the ability to get up to 10 kilos of cocaine a week.
>
> In late January 2011, the CS contacted Perez and Nunez. They tell the CS that defendant Nunez recently traveled to Mexico. They discussed in the CS's presence the sale of 4 kilos of cocaine to one of Nunez' other customers. The CS passed this information to law enforcement.
>
> On April 7, 2011, the CS informed Agent Jason Satterwhite that the defendant had received 15 kilos of cocaine that morning from their source in Atlanta, Georgia. Nunez showed the CS a kilo of cocaine that he pulled from underneath the seat of his car. Nunez said he still had 6 kilos left so whoever the CS was working for needed to make a quick decision about buying from him.
>
> The CS contacted Agent Satterwhite. Agent Satterwhite instructed the CS to arrange a 3 kilo buy from Nunez and Perez. The CS contacted Nunez who put the CS in touch with Perez. Perez advised the CS that the price per kilo was $32,000. The CS agreed to a 3 kilo deal but said he needed some time to get the money together for the third kilo. Perez told the CS to contact him when he had the money together for the third kilo. The CS later called Perez to tell him that he had the money and

> was ready to make the buy. Perez told him that he was going to get it. Nunez called the CS and told the CS to meet him at the Best Buy parking lot at 4210 14th Street in Bradenton, Florida. DEA Special Agent Gary Corbett prepared and equipped the CS for the meet.
>
> At about 5 that same afternoon the CS goes to the agreed upon location and contacts the defendant to let him know that he is at the location. Perez tells him that he is on his way. A few minutes later both Perez and Nunez arrive at the parking lot. They exit the car and approach the CS vehicle. Nunez asks to see the money. Once he inspects it, Nunez then makes a phone call asking that the cocaine be delivered to the Best Buy parking lot. A few minutes later Nunez' wife arrives to the location. Nunez and the CS walk to the car driven by Nunez' wife and retrieve the contents of a shoe box from the back seat of the car. Law-enforcement moves in to make the arrest. In the shoe box they find 3 kilos of cocaine. Nunez and Perez are arrested.
>
> After having his *Miranda* rights read to him, Nunez admitted that he and Perez were there to make a sale of three kilos of cocaine. He consents to the search of his house. Law enforcement goes back to his house and conducts a search of the house. During the search they find 2 kilos and 279 grams of cocaine concealed in an ice chest found in the garage.

Nunez's first ground faults counsel for not moving for a downward departure under §5C1.2.  Entitlement to a sentence below the statutory mandatory minimum requires that the defendant not have possessed a firearm in connection with the offense.  Defense counsel objected to the presentence report's including a two-point enhancement because a firearm was in Nunez's residence.  At sentencing defense counsel argued strenuously for excluding the firearm from determining Nunez's sentence and presented Nunez's testimony about why he possessed a gun inside his residence.  (Transcript of Sentencing at 8-27, Doc. 68)  The district court rejected Nunez's objection to considering the firearm.  Based on the determination that he

- 6 -

possessed a firearm in connection with the offense, Nunez is ineligible for a "safety valve" sentence under §5C1.2.

Nunez's second ground faults counsel for not moving for a downward departure under §5K1.1.  During the guilty plea hearing the Magistrate Judge specifically addressed the possibility of obtaining a lesser sentence under §5k1.1 based on Nunez's cooperation.  Nunez acknowledged understanding that the government retains complete discretion to determine whether Nunez's substantial assistance warrants relief and that the district court has complete discretion to determine whether to follow the government's recommendation for a lesser sentence (Transcript of Plea Hearing at 22-23, Doc. 67):

> THE COURT: Paragraph 11 concerns cooperation. And in paragraph 11 you agree to cooperate fully and to testify if necessary. And in return for your cooperation, the government agrees to consider filing a motion saying you have provided substantial assistance.
>
> Now, if the government does file a motion saying you have provided substantial assistance, that could benefit you in various ways, depending upon what the government puts in its motion.
>
> The government could ask the Court to depart down below whatever guideline range has been calculated or the government could ask the Court to depart down below the ten-year minimum mandatory sentence and to sentence you under the Guidelines or the government could ask the Court to do both of those.
>
> Do you understand how you could be benefitted if the government files a substantial assistance motion?
>
> THE DEFENDANT: Yes, sir.

> THE COURT: Now, I want to emphasize that in return for your cooperation, all that the government is agreeing to do is to consider filing a motion; in other words, to think about it. They are not promising that they will file that motion. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And if the government does not file the motion, you do not have a right to challenge their failure to do so. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Furthermore, if the government does file the motion, the Court could either deny the motion or give you less benefit than the government has recommended. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And if that should happen, you would not have a right to withdraw your plea of guilty. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you have any question about that provision?
>
> THE DEFENDANT: No, sir.

Defense counsel cannot render ineffective assistance for not moving for a lesser sentence under §5K1.1 because only the United States can invoke that provision, and the United States filed no motion under §5K1.1 at sentencing. Apparently alluding to the prospect of a later motion to reduce sentence under Rule 35, Federal Rules of Criminal Procedure, based on Nunez's cooperation, at sentencing defense counsel stated that he was "hopeful that we will be back before this Court at a later date . . . ." (Transcript of Sentencing Hearing at 28, Doc. 68)

Nunez's third ground faults counsel for not moving for application of a "fast track" review under §5k3.1. The United States Attorney's Office for the Middle District of Florida has no "fast track" program. *United States v. Llanos-Agostadero*, 486 F.3d 1194, 1199 (11th Cir. 2007) (recognizing that no "fast track" program exists in the Middle District of Florida). Nunez cannot rely on the existence of a "fast track" program in another district. *United States v. Campos-Diaz*, 472 F.3d 1278, 1280 (11th Cir. 2006), *cert. denied*, 549 U.S. 1361 (2007).

To summarize, even if he had not waived his right to challenge the sentence based on the asserted grounds, Nunez cannot show that trial counsel rendered ineffective assistance. *See Strickland v. Washington*, 466 U.S. 668, 697 (1984) (establishing that the test for proving a claim of ineffective assistance of counsel is that a petitioner must prove that trial counsel's performance was both deficient and prejudicial). Nunez can prove neither deficient performance nor prejudice.

Accordingly, Nunez's motion to vacate (Doc. 1) is **DENIED**. The clerk must enter a judgment against Nunez and close this case.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Nunez is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue

a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a COA, Nunez must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Nunez is not entitled to a certificate of appealability and he is not entitled to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Nunez must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on September 11, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE